IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLUWAFUNMILADE ONAMUTI,  ) <br> #215 851 305,                              ) <br>         Petitioner,                          ) <br>                                                    ) <br> vs.                                                ) <br>                                                    ) <br> I.C.E. and WARDEN OF PRAIRIELAND ) <br> DETENTION CENTER,                   ) <br>         Respondents.                       ) | No. 3:23-CV-331-L-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, and the *Petitioner's Pro Se Emergency Motion to Stay Order of Removal from the United States, Pending the Final Disposition of the Petition for Writ of Habeas Corpus*, received on February 14, 2023 (docs. 4, 5), should be **DISMISSED** without prejudice for lack of jurisdiction.

### I.    BACKGROUND

Oluwafunmilade Onamuti (Petitioner), a noncitizen detained by the United States Immigration and Customs Enforcement (ICE) agency at Prairieland Detention Center (PDC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 "challenging the denial of his right to seek review of [his] removal order". (doc. 4 at 2.)  He names ICE and the Warden of PDC (Warden) as respondents.  (*See id.* at 1.)  He also moves for an emergency stay of the order of removal pending determination of his habeas petition.  (*See* doc. 5.)

Petitioner claims that on May 25, 2022, he was ordered deported from the United States by an Immigration Judge (IJ).  (*See* doc. 4 at 2.)  Shortly after the removal order was issued, he "was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

placed in segregation, detention center staff removed from his possession all documents necessary to seek review of the removal order, and he was denied access to outgoing mail[.]" (*Id.*)  He alleges one ground for relief: "Petitioner was unconstitutionally denied his right and an opportunity to seek review of the removal order." (*Id.* at 6.)  He "seeks an emergency order halting his scheduled February 16, 2023 DEPORTATION/REMOVAL, and an order permitting him to exercise his due process right to seek review of the May 25, 2022 order of removal." (*Id.* at 8.)

## II.   JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for their jurisdiction."  *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In 2005, Congress enacted the REAL ID Act of 2005 (REAL ID Act), Pub. L. No. 109-13, 119 Stat. 231 (2005), which altered the way in which noncitizens can seek judicial review of administrative review of removal orders.  Under the REAL ID Act, a petition for review filed in the appropriate Court of Appeals is the exclusive means for judicial review of a removal order. *See* 8 U.S.C. § 1252(a)(5); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) ("final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals."); *Amiri v. Garland*, 854 F. App'x 598, 599 (5th Cir. 2021).  Further, under § 1252(g), a district court lacks jurisdiction to stay an order of removal.[2]  *See Idokogi v.*

---

[2] Section 1252(g) of Title 8 provides:

*Ashcroft*, 66 F. App'x 526 (5th Cir. 2003).

Here, Petitioner characterizes his claim as a denial of due process, but he seeks an order allowing him to seek review of the removal order, either through the Board of Immigration Appeals (BIA) or the appropriate Court of Appeals, and an order staying his removal. (*See* doc. 4 at 7-8.) He appears to seek to reopen his immigration proceedings for the purpose of defeating "the unconstitutional order of removal" and preventing his removal. (*Id.* at 7.) Because this requested relief necessarily involves a collateral attack on his order of removal, the Court lacks jurisdiction over his claim. *See, e.g.*, *S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *4 (W.D. Tex. Jan. 25, 2021) (finding, in part, that § 1252(a)(5) divested the court of jurisdiction where, despite the characterization of the plaintiffs' claims, the "fact remain[ed] that they only [sought] reopening or reconsideration [of their removal orders] to alter the result and avoid their ultimate removal," and where "[s]uccess in this action would thus preclude the execution of their outstanding removal orders."); *Gill v. Gonzales*, No. H-06-1359, 2006 WL 1804615, at * 1 (S.D. Tex. June 28, 2006) ("Because the relief petitioners seek is to order respondents to reopen removal proceedings and to direct respondents not to remove petitioners from the United States . . ., this court has no jurisdiction over their petition.") (citing *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 511-12 (5th Cir. 2006)). The Court also lacks jurisdiction to stay the execution of Petitioner's removal order. *See Idokogi*, 66 F. App'x at 526. Accordingly, the petition and motion to stay should be dismissed for lack of jurisdiction.

---

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

### III. CIVIL CLAIMS

The petition also appears to present non-habeas claims that challenge the conditions of Petitioner's confinement and to seek non-habeas relief. (*See* doc. 4 at 7-8.) Courts may only consider federal habeas petitions under 28 U.S.C. § 2241 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). To the extent Petitioner seeks to assert civil claims or seeks non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. His non-habeas civil claims may be liberally construed either as a separate civil rights action or a mandamus action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but he is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, the petition is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

proceed *in forma pauperis* in case he wishes to file a new civil action.

## IV. RECOMMENDATION

The *Petitioner's* Pro Se *Emergency Motion to Stay Order of Removal from the United States, Pending the Final Disposition of the Petition for Writ of Habeas Corpus*, received on February 14, 2023 (doc. 5), should be **DISMISSED,** and any habeas claims in the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on February 14, 2023 (doc. 4), should be **DISMISSED** without prejudice for lack of jurisdiction. Any civil claims should be **DISMISSED** without prejudice to seeking relief in a separate civil action.

**SIGNED this 14th day of March, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE